CV 09 706

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------
STELLA TOWNSEND on behalf of herself
and all others similarly situated,

                Plaintiff,

-against-

GC SERVICES LIMITED PARTNERSHIP

                Defendant.
-------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 19 2009 ★

LONG ISLAND OFFICE

AMON, J.

J. ORENSTEIN, M

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff seeks redress for the illegal practices of GC Services Limited Partnership concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides in Queens County, New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Dish Network.

4. Upon information and belief, GC Services Limited Partnership is a foreign corporation.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Stella Townsend*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about March 4, 2008 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in part as follows: "BAL DUE: $193.63 *AS OF MARCH 04, 2008."

12. Said language implies that after March 4, 2008 the balance would increase.

13. Upon information and belief, there was no provision or basis in the underlying contract or other, that the balance would increase.

14. The said letter further states in part towards the bottom of the letter: "BAL DUE: $193.63 *AS OF MARCH 04, 2008. PAYMENT DUE DATE: ON RECEIPT."

15. Said letter also states in part: "If you wish to take advantage of this offer, contact our office or mail your remittance, in the form of a cashier's check or money order in the amount of $145.22. If the settlement amount is not received within

2

fourteen days (14) days of the date of this letter this offer will become null and void. We are being as flexible as possible with you so call us today and let us help you resolve this overdue account."

16. Said letter makes the representation that the defendant is attempting to be as flexible as possible.

17. The bottom of the letter reflects full payment due upon receipt.

18. The letter also sets forth a settlement offer.

19. Said conflicting instructions are confusing for the least sophisticated consumer.

20. Said letter limits the payment to cashier's check or money order.

21. The defendant already prevailed in a matter where the plaintiff asserted that it was unlawful to limit the payment method to cashier's check or money order.

22. Plaintiff asserts that the decision was incorrect.

23. Independent of that decision, plaintiff further asserts in this complaint that the defendant is causing confusion and is being deceptive by limiting the method of payment and further stating that the defendant is being "as flexible as possible."

24. Were the defendant "as flexible as possible," the defendant would not limit the method of payment.

25. Were the defendant truly "being as flexible as possible," the defendant would not limit the conditions under which the payment would have to be received by the defendant.

26. Upon information and belief, the letter may not have been mailed until March 7, 2008 due to the March 4, 2008 being a Friday.

27. The letter may not have been received by the plaintiff until March 12, 2008, the five day presumption of mailing pursuant to New York Civil Law and Practice Rules.

28. The settlement offer provides for payment to be received by March 18, 2008.

29. The giving the least sophisticated consumer six days to decide to accept the

settlement, to procure a cashier's check or money order and then ensure that the check is received by the defendant in a timely fashion is not a meaningful settlement offer.

30. Said language contains a false threat and deceptive communication in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in false threats and deceptive practices.

31. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) for engaging in deceptive practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

32. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-31 as if set forth fully in this Count.

33. This count is brought on behalf of plaintiff and the members of a class.

34. The Class consists of consumers who received the same form letter, as did the plaintiff.

35. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about March 4, 2008 (b) the collection letter was sent to a consumer seeking payment of an alleged personal debt owed to DISH Network; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(10).

4

36. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

37. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the

absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

38. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

39. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

40. The defendant's actions violate the Fair Debt Collection Practices Act.

41. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
February 16, 2009

*[signature]*

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]*

Adam J. Fishbein  (AF-9508)

7